Dear Mr. Eschete:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of Thibodeaux, you have asked for our opinion regarding the overtime pay policy established by the City of Thibodeaux for its hourly employees.
Your request indicates that the City of Thibodeaux has many hourly employees whose work week has been established at 37.5 hours (7.5 hours per day) for a number of years. Some of the City's department heads have maintained a policy that provides that their hourly employees be compensated at the rate of time and one-half for all hours worked in excess of 37.5 hours per week. You have indicated that this policy has been employed for a number of years under the scrutiny of the City's auditor with no indication of any violation of State law or the Fair Labor Standards Act. Recently, the above-stated policy has been called into question. You ask for our opinion on whether the establishment of a policy by the City of Thibodeaux to pay hourly employees who work a 37.5 hour work week, overtime for hours worked in excess of 37.5 hours per week violates Article VII, Section 14 of the Louisiana Constitution.
Louisiana Constitution Article VII, Section 14. Article VII, Section 14 provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Art. VII, Sec. 14 clearly prohibits the donation of public funds. The Louisiana Supreme Court has recently announced a new standard for determining whether Art. VII, Sec. 14 is violated. In Board of Directorsof the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City of *Page 2 Gonzales, 938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case) the Court found that "(Art VII) § 14(A) is violated when public funds or property are gratuitously alienated." Thus, if the policy in question amounts to a gratuitous alienation of funds, the overtime payments would be an unconstitutional donation pursuant to Art. VII, Sec. 14.
Essentially, we gleaned three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and can't appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds.
In accord with Cabela's, it is the opinion of this office that the policy in question is not merely gratuitous. Accordingly, we are of the opinion that the contemplated overtime payments do not amount to an unconstitutional donation under Article VII, Section 14.
It is clear that the employees of the City of Thibodeaux are public employees and provide a service to the public at large. In exchange for this service, the City of Thibodeaux compensates its employees on an hourly basis, based on a 37.5 hour work week. Employees are compensated at a rate of time and one-half for all hours worked in excess of 37.5 hours per week.
As a whole, we believe the compensation policy is not merely gratuitous. Clearly, the City of Thibodeaux receives something of value in exchange for its expenditure. Although as a common practice the normal work week for most public and private sector employees is a 40 hour work week, our office could find no prohibition, either state or federal, against setting a work week at 37.5 hours.[1] Therefore, while it may not be good fiscal planning or management, there is no legal impediment or barrier to employing such a policy. Accordingly, we believe the proposed plan does not violate the provisions of Article VII, Section 14. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:___________________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] The Fair Labor Standards Act requires that employees covered under the Act receive overtime pay for hours worked in excess of forty (40) hours in a work week at a rate of not less than time and one-half. It is silent as to the establishment of a work-week shorter than forty (40) hours, or overtime pay for hours worked in excess of a number less than forty (40.